Nick **FRAZZETTO**, Plaintiff,

v.

Shirley **CHATER**, Commissioner of Social Security, Defendant.

No. 93–338–CIV–FTM–17D.

United States District Court,
M.D. Florida,
Fort Myers Division.

Nov. 16, 1995.

Carol Ann Avard, Avard Law Offices, Cape Coral, FL, for plaintiff.

James R. Hilbert, Jr., Crompton & Hilbert, Tampa, FL, for defendant.

### ORDER

KOVACHEVICH, District Judge.

This Cause comes before this Court on Plaintiff Nick Frazzetto's Motion for Relief from Judgement (Dkt. 46) pursuant to Rule 60(b), Federal Rules of Civil Procedure on the grounds of mistake and newly discovered evidence. Defendant Shirley Chater ("Chater") in her official capacity as Commissioner of Social Security asserts in "Defendant's Response to Plaintiff's Motion for Relief from Judgement" (Dkt. 45) that the Court should deny this motion because of the failure of Plaintiff Nick Frazzetto ("Plaintiff") to exhaust all available administrative remedies.

Plaintiff filed applications for Social Security Insurance Benefits and Supplemental Security Income pursuant to Title II of the Social Security Act in July 1990 and on October 3, 1991. The Commissioner reviewed Plaintiff's applications for disability determination and found that Plaintiff did not meet the requirements of a disabled claimant. Plaintiff timely filed a request for reconsideration on February 20, 1992, which was subsequently denied on March 10, 1993. Next, Plaintiff filed a Request for Hearing before Administrative Law Judge ("ALJ") Ruben Rivera, Jr. In this hearing, ALJ Ruben Rivera affirmed the Commissioner's decision and considered Plaintiff's date last insured to be December 31, 1991. Plaintiff appealed to the Appeals Council which affirmed ALJ Ruben's decision on May 21, 1993. As Plaintiff had exhausted all administrative remedies at that time, he filed a complaint in United States District Court for the Middle District of Florida, Fort Myers Division, on November 24, 1993, seeking further review of the Secretary's final decision. (Dkt. 1).

The case eventually was assigned to a magistrate judge for proceedings including issuance of a report and recommendation (R & R). The court upheld the recommendation of the magistrate judge to affirm the Defendant's findings, finding that the decision was supported by substantial evidence and based on proper legal standards. (Dkt. 38). The objections, filed by the Plaintiff, to the Magistrate's R & R (Dkt. 39) were overruled on June 9, 1995. (Dkt. 40).

After Plaintiff filed a new application for disability on June 30, 1993, he discovered that the date last insured provided to ALJ Rivera was in error, because certain earnings had not been posted at that time. The actual date was December 31, 1992. Thereby, Plaintiff asserted that the period from December 31, 1991 to 1992 was unadjudicated. The new application was denied and Plaintiff requested a hearing. ALJ William Rogan denied this request indicating that ALJ Rivera did not make a mistake as ALJ Rivera ruled that the decision considered the period up through February, 1, 1993. Plaintiff now seeks pursuant to Rule 60(b), Federal Rules of Civil Procedure, on the grounds of mistake and newly discovered evidence, that this Court grant his Motion for Relief from Judgement (Dkt. 46) from ALJ Rogan's decision to deny the hearing.

### DISCUSSION

 Social Security Title II claimants must avail themselves of all possible administrative remedies before filing suit in federal court. See 20 CFR § 404.900 (1995). Social Security claims must follow established steps when disputing or appealing from an initial determination. Id. These steps include initial determination, reconsideration, hearing before an administrative law judge, review by the Appeals Council and then review by federal court. Id. Under these procedures,

an ALJ may dismiss a request for a hearing. 20 CFR 404.957. The dismissal of a request for a hearing is binding unless it is vacated by an ALJ or by the Appeals Council. 20 CFR 404.959.

A claimant must follow this procedure whether to appeal an actual determination or for a denial of a request for a hearing. The rules state: "If you or any other party is dissatisfied with the hearing decision or with the dismissal of a hearing request, you may request that the Appeals Council review that decision." 20 CFR 404.967. Failure to follow the procedural steps in order can result in a negative outcome.

If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was a good cause for your failure to make a timely request for review.

20 CFR § 404.900.

■ Defendant Chater asserts that the proceeding under review is the dismissal of a request for hearing by ALJ Rogan. Defendant claims that this dismissal of a request for hearing must first be reviewed by the Appeals Council before it can be reviewed by this Court. As a result, Defendant argues that the Plaintiff did not avail himself of the necessary administrative remedies. However, Plaintiff clarified in a subsequent memorandum (Dkt. 46) that the ALJ decision properly before this Court was the decision of ALJ Ruben Rivera, Jr., dated February 1, 1993, and thus Plaintiff had exhausted all his administrative remedies with this ALJ decision. Defendant did not file a response to this memorandum.

Accordingly, this Court can only assume that Defendant waived his objection and that the proceeding under review was the first decision made by ALJ Rivera and that the Plaintiff had exhausted the administrative remedies and procedures to appeal.

Rule 60(b), Federal Rules of Civil Procedure states that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgement, order, or proceeding for . . . (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time." FED.R.CIV.PRO. 60(b).

■ Plaintiff asserts that relief from judgement should be granted on the grounds of mistake and newly discovered evidence. The newly discovered evidence that Plaintiff has submitted consists of a Notice of Dismissal which contains statements made by ALJ Rogan that the prior ALJ Rivera's jurisdiction at the time of the hearing was only up to December 31, 1991. (Dkt. 47, Exh. A). Plaintiff claims that subsequent information not available to ALJ Rivera showed that the claimant's date when he was last insured was December 31, 1992 and thus, the jurisdiction should be enlarged to include the period from January 1, 1992 to December 31, 1992. Because ALJ Rivera's determination as to whether the Plaintiff was disabled was based upon a date last insured of December 31, 1991, evidence after this date was deemed to be irrelevant and not material to the issues at hand. As a result, Plaintiff requests a supplemental hearing by the Defendant Commissioner and cites as support a ruling by the Hearings, Appeals and Litigation Law Manual ("HALLEX") that requires the Appeals Council to offer the claimant a new supplementary hearing where the claimant did not meet the disability insured status when the notice of hearing did not reflect the correct date last insured. HALLEX 5–100 (Dkt. 47, Exh. B).

This Court notes that the Plaintiff had a sufficient opportunity to submit this newly discovered evidence and argument by appealing ALJ Rogan's dismissal of Plaintiff's request for a hearing to the Appeals Council under the second filed claim. In fact, such an avenue would have been the most efficient, effective and convenient method to achieve the desired result for the Plaintiff. Despite these observations, the Court recognizes that this is the Plaintiff's last opportunity to prove whether or not he was disabled. After considering all the factors and in the interest of justice, this Court finds that the Plaintiff is entitled to a supplemental hearing by the Commissioner. Accordingly, it is

ORDERED that the Plaintiff's Motion for Relief from Judgement (Dkt. 46) be **GRANTED** and this cause be **REMANDED** to the Commissioner for a supplement hearing pursuant to Rule 60(b), Federal Rules of Civil Procedure on the grounds of mistake and newly discovered evidence.

**DONE AND ORDERED.**